**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ANTHONY ELEY,**

    **Plaintiff,**

  **v.**                                         **CIVIL ACTION NO. 2:06cv583**

**ROBIE EVANS, III,**
**et al.,**

    **Defendants.**

## CORRECTED
## MEMORANDUM DISMISSAL ORDER

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, this court may, on its own initiative, correct any clerical mistakes or errors arising out of oversight or omission at any time.  See Fed. R. Civ. P. 60(a).  Insofar as the Memorandum Dismissal Order of January 30, 2007, states that plaintiff Anthony Eley ("Eley") had not alleged a claim under the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692k(d) and dismisses the action for lack of subject matter jurisdiction, it is in error.[1]  Eley did allege a claim under the FDCPA,[2] in addition

---

[1] The Memorandum Dismissal Order referred to three separate actions involving the same factual scenario.  There was no oversight in Whitaker v. Evans, et al., No. 2:06cv582 (Jan. 30, 2007) or Johnson v. Evans, et al., No. 2:06cv584 (Jan. 30, 2007).  The plaintiffs in these actions only asserted state tort law claims, which were properly dismissed for lack of subject matter jurisdiction.

[2] Specifically, in count one, which is labeled as "False and Misleading Representations," Eley alleged that the defendants

to six state tort law claims, which includes (1) assault and battery; (2) intentional infliction of emotional distress; (3) false imprisonment; (4) defamation, slander, and libel; (5) negligent training and supervision; and (6) extortion.[3]

Nonetheless, as Eley qualified for in forma pauperis status on October 19, 2006,[4] the court has the power to dismiss the action if at any time the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). As a result, this court examines Eley's complaint to determine if he has properly stated a claim under the FDCPA. This court initially notes that Eley, even though he is not

---

violated the FDCPA under 15 U.S.C. §§ 1692d, 1692d(1), 1692e(4), (7), (10), and 1692f. See Compl. ¶¶ 23-24.

[3] Notably, federal and Virginia courts have held that Virginia does not recognize negligent supervision as a valid cause of action. See Johnson v. Enter. Leasing Co., No. 98-2573, 1999 WL 496879, at *1 (4th Cir. July 13, 1999) (per curiam) (unpublished table decision) (citing Chesapeake & Potomac Tel. Co. v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988)); Thompson v. Town of Front Royal, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000). Moreover, Virginia courts have also held that a civil cause of action for extortion does not exist in Virginia. See Doe v. Harris, No. CL5544, 2001 WL 34773877, at *6 (Va. Cir. Ct. Apr. 11, 2001); Johnson v. Freedman, No. 110411, 1992 WL 884626, at *1 (Va. Cir. Ct. Apr. 8, 1992) (citing Bass v. Morgan, Lewis, & Bockius, 516 So. 2d 1011, 1011-12 (Fla. Dist. Ct. App. 1987); Leventhal v. Docker, 361 Mass. 894, 894, 282 N.E.2d 680, 681 (1972)).

[4] The plaintiff's motion to proceed in forma pauperis covers the filing and service fees only, as the plaintiff is represented by counsel, F. Winslow Young.

the consumer debtor in this action,[5] has standing to sue under 15 U.S.C. §§ 1692d, 1692e, and 1692f. "By its express terms, § 1692d provides that '[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse <u>any person</u> in connection with the collection of a debt.'" <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 697 (6th Cir. 2003) (quoting 15 U.S.C. § 1692d). In addition, "§ 1692e states that '[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" <u>Id.</u> (quoting 15 U.S.C. § 1692e). Similarly, § 1692f states, in part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. When read in conjunction with 15 U.S.C. § 1692k(a),[6] this court construes §§ 1692e and 1692f to also mean that <u>any</u> aggrieved party may bring an action under the FDCPA. <u>See</u> <u>Montgomery</u>, 346 F.3d at 697; <u>Belin v. Litton Loan Servicing, LP</u>, No. 8:06-cv-760-T-24, 2006 WL 1992410, at *6 (M.D. Fla. July 14, 2006).

---

[5] Under Eley's factual allegations, Eley was simply the driver of Marquita Johnson's ("Johnson") 1988 Honda Sedan in Isle of Wight County on October 17, 2005, with Denise Whitaker ("Whitaker") and Johnson as passengers, when the repossession of Johnson's vehicle occurred. <u>See</u> Compl. ¶¶ 15, 17.

[6] Section 1692k(a), which governs civil liability under the FDCPA, provides that "any debt collector who fails to comply with any provision of this subchapter with respect to <u>any person</u> is liable to such person . . . ." 15 U.S.C. § 1692k(a) (emphasis added).

Although Eley has standing to bring this claim, he has not properly stated it, either in law or fact. The FDCPA sections, under which Eley seeks relief, apply only to "debt collectors." Under the FDCPA, the term "debt collector" means

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include-
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6). This court has previously stated that "[i]t is well-settled that provisions of the FDCPA generally apply only to debt collectors [as defined in the FDCPA]." <u>Scott v. Wells Fargo Home Mortgage Inc.</u>, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003).

As to defendants G.P. Jernigan ("Jernigan"), J.W. Garrett ("Garrett"), Charles W. Phelps ("Phelps"), Isle of Wight County

Sheriff's Department, and W. Douglas Caskey ("Caskey"), Eley never alleged that they are debt collectors as defined by the FDCPA. See Compl. ¶¶ 10-14. Even assuming Eley made such allegations, these defendants do not fit the FDCPA's definition of debt collectors set forth above in 15 U.S.C. § 1692a(6). Jernigan and Garrett are deputy sheriffs of the Isle of Wight County Sheriff's Department, Phelps is the Sheriff of Isle of Wight County, and Caskey is the County Administrator of Isle of Wight County. As such, these defendants do not qualify as debt collectors. Thus, Eley cannot assert FDCPA claims against these defendants.

Additionally, as to defendants Med Transit Inc. ("Med Transit") and Albert Whitley ("Whitley"), Eley never alleged that they are debt collectors as defined by the FDCPA. See Compl. ¶¶ 6-7. Once again, even assuming Eley made such allegations, these defendants would not qualify under the FDCPA's definition. See 15 U.S.C. § 1692a(6). At most, Med Transit, a car dealership, and Whitley, the president and registered agent of Med Transit, are creditors of Johnson, and this court has previously held that "creditors are not liable under the FDCPA." Scott, 326 F. Supp. 2d at 717. In addition, these defendants clearly fall within the exemption to a debt collector contained in 15 U.S.C. § 1692a(6)(F)(ii). Namely, Med Transit and Whitley retained Bad Boys Towing and Recovery ("Bad Boys Towing") to repossess the automobile that served as collateral for Johnson's car loan. In

5

doing so, Med Transit and Whitley were collecting or attempting to collect on a debt that was owed, due, or asserted to be owed or due, and that originated with them. See Montgomery, 346 F.3d at 698-99. Accordingly, neither Med Transit nor Whitley qualify as a debt collector, and Eley cannot state FDCPA claims against them.

Finally, Eley has failed to state a claim under the FDCPA against defendants Robie Evans, III ("Evans"), Robie Bryan ("Bryan"), or Bad Boys Towing, the only parties which could have potentially qualified as debt collectors. As alleged in Eley's complaint, Eley identified these parties as repossession agents and a repossession agency;[7] however, Eley failed to allege the necessary components, both in law and fact, for such parties to be liable as debt collectors under the FDCPA. Repossession agents and agencies, whose only role in the debt collection process are the enforcement of security interests, generally fall outside of the ambit of the FDCPA, except for the provisions of § 1692f(6).[8] See,

---

[7] This court notes that Eley incorrectly states that Evans, Bryan, and Bad Boys Towing are in the business of collecting debts. See Compl. ¶¶ 4, 5, 8. Instead, these defendants are in the business of enforcing security interests through the repossession of automobiles, which is different.

[8] Repossession agents and agencies can be considered "debt collectors," but only as to § 1692f(6). See 15 U.S.C. § 1692a(6) (stating, in the definition of "debt collectors," that "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests"). The only applicable portion of § 1692f(6) to the case at bar is subsection (A), which provides that "[a] debt collector may not use unfair or unconscionable means

e.g., Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 378 (4th Cir. 2006); Montgomery, 346 F.3d at 699; Jordan v. Kent Recovery Serv., Inc., 731 F. Supp. 652, 656 (D. Del. 1990). In the case at bar, Eley has not alleged any violation of § 1692f(6), in particular subsection (A).[9] Eley did not allege that Evans, Bryan, or Bad Boys Towing were enforcing a security interest, to which there was no present right to possess the collateral. See supra note 8; see also Purkett v. Key Bank USA, N.A., No. 01-C-162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001) (holding that plaintiff must allege repossession agency "was enforcing a security interest and did not have a present right to possess the collateral" in order to state a claim under § 1692f(6)(A)). As a result, Eley has not stated a claim against Evans, Bryan, or Bad Boys Towing under the FDCPA.

Accordingly, because Eley has not stated FDCPA claims against any of the defendants in this action, this court **DISMISSES** count one of Eley's complaint pursuant to its authority under 28 U.S.C. § 1915(e)(2)(B)(ii). Because of the dismissal of Eley's FDCPA claim, the only federal claim in his complaint, this court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C.

---

to collect or attempt to collect any debt. . . . [T]he following conduct is a violation of this section: . . . (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]" 15 U.S.C. § 1692f(6)(A).

[9] See supra note 8 and accompanying text.

§ 1367(c)(2), over the remaining six state tort law claims. Accordingly, the state tort law claims are **DISMISSED** without prejudice to file them in state court, to the extent such claims are recognized in Virginia.[10]  Given the court's decision herein, plaintiff's motion for default judgment, filed February 1, 2007, is **MOOT**.

    The Clerk is **DIRECTED** to send a copy of this Corrected Memorandum Dismissal Order to all counsel and to Evans, Bryan, and Bad Boys Towing.

    **IT IS SO ORDERED.**

                                                      /s/
                                           Rebecca Beach Smith

Norfolk, Virginia

February 6, 2007

---

[10] See supra note 3 and accompanying text.